Dorfman v Reffkin (2020 NY Slip Op 01266)





Dorfman v Reffkin


2020 NY Slip Op 01266


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11091 652269/14

[*1] Avi Dorfman, et al., Plaintiffs-Respondents,
v
Robert Reffkin, et al., Defendants-Appellants.


Kirkland & Ellis LLP, New York (Atif N. Khawaja of counsel), for appellants.
Susman Godfrey LLP, New York (Arun Subramanian of counsel), and Ganfer Shore Leeds & Zauderer LLP, New York (Mark C. Zauderer of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered October 7, 2019, which denied defendants' motion for summary judgment dismissing plaintiffs' claims for breach of contract for monetary damages, unjust enrichment, and quantum meruit, unanimously modified, on the law, to grant defendants summary judgment on the breach of contract claim for monetary damages, and otherwise affirmed, without costs.
On a prior appeal in this case, this Court held that a portion of plaintiffs' claims for unjust enrichment and quantum meruit was not subject to the statute of frauds set forth at General Obligations Law § 5-701(a)(10) (144 AD3d 10, 19-20 [1st Dept 2016]). Specifically, those allegations were that Dorfman "develop[ed] materials to secure investor backing, recruit[ed] engineers and others to join Urban Compass, and develop[ed] the details of how Urban Compass's software product, web, and mobile applications would be architected'" (id. at 16).
The documentary evidence in the record shows that Dorfman actually performed at least some of the alleged actions which this Court exempted from the statute of frauds; specifically, he developed materials to secure financial backing from investors - including Goldman Sachs - and the deposition testimony and email evidence showed that Dorfman introduced and recruited Paul Goudas to Urban Compass. In light of this evidence and this Court's prior holding, defendants are not entitled to summary judgment based upon the statute of frauds. Moreover, Supreme Court properly determined that the issue of whether the services were rendered after the company came to fruition was one for the trier of fact. Defendants presented prima facie evidence that Urban Compass had not "come to fruition," because it was not incorporated, did not have an office, did not have any employees, and had not issued equity prior to October 2012. They also submitted evidence that Dorfman acknowledged it was not formed as of September 17, 2012. However, plaintiffs raised a triable issue of fact on this issue by presenting evidence that Reffkin signed the confidentiality and nondisclosure agreement (NDA) on behalf of Urban Compass (then called Newco Real Estate Venture), Reffkin and Allon were actively engaging potential investors at Goldman Sachs and sharing materials with them regarding Urban Compass, Reffkin and Allon were actively recruiting engineers including Paul Groudas, and they provided commentary on plaintiffs' 120-day plan.
With regard to RentJolt's claim for monetary damages for breach of the NDA, the NDA's section 10 language is unambiguous. Plaintiffs waived their right to seek these monetary damages. While plaintiffs contend that NDA section 11(b)'s language conflicts, as it provides that injunctive relief and equitable relief "shall not be deemed to be the exclusive remedies for a breach by either party of this Agreement, but shall be in addition to all other remedies available at law or equity," this is not the case. To give all provisions meaning and reading the contract as a whole (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007]; see also Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp, 82 AD3d 421, 422 [1st Dept 2011]), section 11(b) could reasonably be interpreted as allowing either declaratory relief or an award of attorneys fees [*2]upon a finding of a breach (as explicitly provided in the following line in section 11[b]). Section 11(b)'s language does not necessarily contradict section 10's monetary damages waiver language, and all of the NDA's terms should be given their plain and ordinary meaning (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017]); W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). To adopt plaintiffs' interpretation of the contract would effectively render the waiver of monetary damages provision meaningless.
We have examined defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK